RECEIVED

JAN 2 6 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT R. HILL, | : | |
| | : | Civil Action No. 05-6032 (GEB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LT. HIGGINS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> ROBERT R. HILL, Plaintiff <u>pro se</u>
> #T0873
> Ocean County Jail
> 120 Hooper Avenue
> Toms River, New Jersey 08754

**BROWN, JR.**, Chief Judge

Plaintiff Robert R. Hill ("Hill"), a state inmate or pretrial detainee currently confined at the Ocean County Jail in Toms River, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and current absence of three qualifying dismissals within 28 U.S.C. § 1915(g),[1] the Court will grant Hill's application to proceed <u>in</u>

---

[1] Hill has filed seven other actions on or about the same time as he submitted this action. These matters are: <u>Hill v. Ocean Co. Jail Complex, et al.</u>, Civil No. 05-6031 (GEB); <u>Hill v. Ocean Co. Jail Classification Dept. Chairman</u>, Civil No. 05-6033 (GEB); <u>Hill v. Ocean Co. Jail Complex, et al.</u>, Civil No. 05-6034 (GEB); <u>Hill v. Ocean Co. Jail Medical Dept.</u>, Civil No. 05-6035 (GEB); <u>Hill v. Ocean Co. Jail Inmate Service Dept.</u>, Civil No. 05-

forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the
Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.  For the reasons stated below, the
Court finds that the Complaint should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from Hill's
Complaint and are accepted as true for purposes of this review.

The Complaint sets forth allegations against the following
defendants: (1) Lt. Higgins; (2) Lt. Dey; (3) Judge Liguori,
Dover Township Municipal Court Judge; and (4) the Ocean County
Jail Complex.  (Complaint, Caption).  Hill alleges that, on
August 5, 2005, defendant Lt. Higgins threatened plaintiff with
physical force.  Hill had asked whether he could sleep on a cot
rather than the floor in his overcrowded cell.  Higgins gave
plaintiff the option of the floor in his cell or to be moved to
another dorm.  When Hill chose the other dorm, Higgins allegedly
said: "You're going back or I'll have you physically put back."

_____

6036 (GEB); Hill v. Santiago, et al., Civil No. 05-6037(GEB);
Hill v. Hagan, et al., Civil No. 05-6038 (GEB). None of these
cases have been dismissed under 28 U.S.C. §§ 1915(e)(2)(B) or
1915A at this time.

Hill questioned Higgins about the threat, and Higgins responded, "You'll be sprayed and handcuffed and forced into the cell." (Complaint, ¶ 6).

Hill complained about the incident to defendant Lt. Dey. Lt. Dey told plaintiff to follow orders, and did nothing to remedy the alleged threats.  Hill also complains that Judge Ligouri denied plaintiff's allegations when plaintiff tried to file formal charges.  (Compl., ¶¶ 4c, 4d, and 6).  Finally, as to the Ocean County Jail Complex, plaintiff alleges that as the employer of Lt. Higgins and Lt. Dey, the County is responsible for their actions.  (Compl., ¶¶ 4e, 6).

Hill seeks unspecified monetary damages as compensation for these violations of his rights.  He also asks that Ocean County investigate these incidents.  (Compl., ¶ 7).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

---

[2]  Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that plaintiff has filed any lawsuits which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at this time.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Hill brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

United States Constitution.   Section 1983 provides in relevant
part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.   West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

## IV.   ANALYSIS

### A.   Supervisor Liability

Hill's § 1983 claims against Ocean County and the Ocean

County Jail Complex must be dismissed because supervisor

liability is not cognizable in § 1983 actions.   Local government

units and supervisors are not liable under § 1983 solely on a

theory of respondeat superior.   See City of Oklahoma City v.

Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City

Department of Social Services, 436 U.S. 658, 690-91, 694 (1978)

(municipal liability attaches only "when execution of a

6

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 20030. "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). See also Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)(a policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict")(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)(plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker,"

7

but that is "so widespread as to have the force of law." Bd. Of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997). See also City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989)(a policy or custom may also exist where the policy maker has failed to act even though the need to take some action appears obvious and the inadequacy of existing practice is likely to result in the violation of a constitutional right). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

Here, it would appear that the named defendants, Ocean County and the Ocean County Jail Complex, are liable only under a theory of respondeat superior. Hill makes no factual allegations attesting to the actual involvement, knowledge, or active participation by these defendants. Indeed, Hill alleges nothing more than the fact that the incident at issue occurred at the jail and that the jail and Ocean County are the employers of the individual defendants, Lt. Higgins and Lt. Dey. The Complaint does not allege any policy or custom by these defendants that violated plaintiff's constitutional rights; nor does the Complaint allege the absence of a policy or practice, or that the need to take action was obvious and Ocean County and the Jail were deliberately indifferent to the need. Thus, the claims against these defendants rest entirely upon a theory of

8

supervisor liability, and the Complaint should be dismissed in its entirety, as against these defendants, for failure to state a claim upon which relief may be granted.

Further, the claims against the Ocean County Jail Complex is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

B.  Claim Against Judge Ligouri

Next, Hill alleges that the municipal court judge, Judge Ligouri denied plaintiff's action when he tried to file formal charges against the other defendants.

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be

overcome only for actions not taken in a judicial capacity, id.,
or for actions taken in a complete absence of all jurisdiction.
Mireless, 502 U.S. at 11-12.  Allegations that actions were
undertaken with an improper motive diminishes neither their
character as judicial actions nor the judge's immunity.  See
Forrester v. White, 484 U.S. 219, 227 (1988).

    Here, Hill generally alleges that Judge Ligouri erred in
denying plaintiff's charges against the other defendants.  There
are no factual allegations that would support an assertion that
the judge acted beyond the scope of his judicial authority.  Hill
fails to allege any facts to show that Judge Ligouri acted in the
complete absence of all jurisdiction.  Therefore, Judge Ligouri
is absolutely immune from liability on the claim asserted by
plaintiff in his Complaint, and the Complaint will be dismissed
with prejudice, accordingly, as to this defendant pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

C.  Claim as to Lt. Higgins

    Hill essentially asserts that Lt. Higgins violated
plaintiff's civil rights by verbal harassment.

    "Intentional harassment of even the most hardened criminals
cannot be tolerated by a civilized society."  Hudson v. Palmer,
468 U.S. 517, 528 (1984).  Generally, mere verbal harassment does
not give rise to a constitutional violation.  See McBride v.
Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(taunts and threats are

10

not an Eighth Amendment violation); <u>Freeman v. Arpaio</u>, 125 F.3d

732, 738 (9th Cir. 1997); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136

(9th Cir. 1987); <u>Rivera v. Goord</u>, 119 F. Supp.2d 327, 342

(S.D.N.Y. 2000)(verbal harassment does not violate inmate's

constitutional rights); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822

F. Supp. 185 (D.N.J. 1993); <u>Murray v. Woodburn</u>, 809 F. Supp. 383

(E.D. Pa. 1993); <u>Douglas v. Marino</u>, 684 F. Supp. 395 (D.N.J.

1988). <u>See also</u> <u>Shabazz v. Cole</u>, 69 F. Supp.2d 177, 200-01 (D.

Mass. 1999) (verbal abuse without physical injury, although

continuing for a long period of time, falls short of conscience

shocking conduct")[3]; <u>Haussman v. Fergus</u>, 894 F. Supp. 142, 149

---

[3]   The district court in <u>Shabazz</u> found that plaintiff's
verbal harassment claim under the substantive component of the
Fourteenth Amendment's guarantee of due process also fails.   The
Supreme Court has recognized two alternative theories by which a
claim for denial of substantive due process is tested.   The first
theory involves "conscience shocking" behavior.   <u>Shabazz</u>, 69 F.
Supp.2d at 200.   The threshold for alleging a verbal harassment
claim under the conscience shocking behavior theory is very high.
Moreover, "[e]xtending the substantive component of due process
to prohibit verbal abuse between inmates and prison officials
would involve courts in the day to day operations of prisons,
[citation omitted], and weaken the deference due prison officials
in maintaining security."   <u>Shabazz</u>, 69 F. Supp.2d at 200.   Thus,
here, where plaintiff does not allege physical injury, the verbal
abuse falls far short of conscience shocking behavior, especially
where he alleges only one isolated incident.   <u>See id</u>.

   Under the second theory, Hill must demonstrate a violation
of an identified liberty or property interest protected by the
due process clause.   Fear or emotional injury alone resulting
from alleged verbal abuse will not be sufficient to constitute a
violation of an identified liberty interest.   <u>Shabazz</u>, 69 F.
Supp.2d at 200.   Consequently, Hill's verbal harassment claim,
even if examined as a substantive due process violation, fails to
state a claim upon which relief may be granted.

(S.D.N.Y. 1995); Prisoners' Legal Association, 822 F. Supp. at 187-189 & n.3; Wright v. Santoro, 714 F. Supp. 665, 667 (S.D.N.Y. 1989), aff'd., 891 F.2d 278 (2d Cir. 1989); Knop v. Johnson, 667 F. Supp. 467 (W.D. Mich. 1987), appeal dismissed, 841 F.2d 1126 (6th Cir. 1988). Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). However, threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation. Douglas, 684 F. Supp. at 398 (the court determined that brandishing a butcher knife in close proximity to prisoner and threatening to kill him may amount to a constitutional violation); see also Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (gun was put to prisoner's head); Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986)(guard threatened to shoot prisoner).

In this case, Hill alleges little more than single incident of verbal harassment by Lt. Higgins. There are no allegations of actual physical harm coupled with the remarks; nor does plaintiff claim that the harassing conduct occurred over a long period of time, or that physical injury occurred as a result of the otherwise belligerent remark. Therefore, this claim will be dismissed for failure to state a claim.

D.   Claim Against Lt. Dey

Finally, Hill asserts that Lt. Dey violated his civil rights and is liable to him because he failed to file formal charges against Lt. Higgins after plaintiff's grievance.  In particular, Hill alleges that Lt. Dey responded to Hill's grievance by saying that plaintiff had to comply with an order, and that correctional officers could use force in carrying out an order.  (Compl., ¶ 4c).

Liberally construing this claim, the Court finds that plaintiff is asserting a denial of equal protection claim against defendant Lt. Dey, in violation of the Fourteenth Amendment, for his failure to pursue or file criminal charges against Lt. Higgins.  However, Hill simply has no interest cognizable under 42 U.S.C. § 1983 in having Lt. Higgins prosecuted for his alleged verbal harassment.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

In Leeke, prison inmates had filed suit against correctional officials, alleging that the officials conspired in bad faith to block the issuance of arrest warrants for the prosecution of prison guards who the inmates claimed had unnecessarily beaten

them.[4]  The Supreme Court held that the inmates lacked standing
to challenge the actions of the officials.  454 U.S. at 87.  The
Court noted that even without the prosecutor's acts, there was no
guarantee that arrest warrants would have redressed alleged past
misconduct of the guards or prevent future misconduct.  The
decision to prosecute is solely within the discretion of the
prosecutor.  Id. at 86.  Moreover, the Court found that the
inmates were not denied access to judicial procedures to remedy
any alleged misconduct.  Thus, the actions by the state
officials, by which they influenced the decision of the State
Solicitor to decline issuance of arrest warrants, did not violate
any judicially cognizable rights of the inmates.  Id. at 87.

     Here, Hill was not denied access to judicial procedures to
redress the alleged misconduct of Lt. Higgins.  He filed an
administrative grievance, which was investigated and denied.
Hill also filed a charge in municipal court, which apparently was
denied by Judge Ligouri, as asserted in the Complaint.  Thus, the
action or non-action by Lt. Dey did not violate any judicially
cognizable right of Hill.  Therefore, this claim will be

_____

     [4]  The district court had concluded that the plaintiffs were
denied their right to a "meaningful ability to set in motion the
governmental machinery because [the defendants', i.e., the prison
legal advisor and the Director of the Department of Corrections]
stopped the machinery unlawfully, not in a proper way, as for
example, upon a valid determination of lack of probable cause."
Leeke, 454 U.S. at 85.  The district court, however, found the
State Solicitor and the Magistrate to be immune from damages.
Id.

dismissed for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed with prejudice, in its entirety as against all defendants, for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and because defendant, Judge Ligouri, is protected by immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).   An appropriate Order follows.

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: January 26, 2006

15